IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

BOBBY JOE STAGGS,                            *
                                             *
              Plaintiff,                     *
                                             *
v.                                           *        Civil No. 3:05-CV-1452-H
                                             *
DALLAS PETERBILT, LTD., L.L.P.,              *
                                             *
              Defendant.                     *

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss and Compel Arbitration, and supporting brief, filed August 10, 2005; Plaintiff's Response in Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss and to Compel Arbitration, and supporting brief, filed September 20, 2005; and Defendant's Reply Brief, filed October 3, 2005. For the reasons that follow, Defendant's motion is granted as modified herein.

## I. BACKGROUND

Plaintiff Bobby Joe Staggs is a 75-year-old man who has been working as a salesperson with Defendant Dallas Peterbilt, Ltd., L.L.P. ["Peterbilt"] since 1966. He files this suit alleging age discrimination under the Age Discrimination in Employment Act. *See* 29 U.S.C. § 626. In the Complaint, filed July 21, 2005, he alleges that Peterbilt effectively reduced his compensation by taking away opportunities for new sales and giving them to other salespersons for the express reason that they were younger.

Plaintiff filed his charge with the EEOC, which entered a determination on November 16, 2004, that there was "reason to believe that violations have occurred." Plf's Exh. 2, at 2 (EEOC determination). Conciliation efforts failed, and Plaintiff filed this suit.

With the present motion, Defendant Peterbilt argues that Plaintiff cannot sustain the lawsuit in federal district court because the parties are bound by a mandatory arbitration agreement. Defendant asks the Court to stay or dismiss this matter, and to compel arbitration of Plaintiff's claims.

## II. ANALYSIS

Under the Federal Arbitration Act ["FAA"], an arbitration clause in any contract for a transaction involving commerce is "valid, irrevocable, and enforceable," except upon grounds that exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. A strong federal policy favors arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Construction*, 460 U.S. 1, 24 (1983). In determining whether parties should be compelled to arbitrate, a two-step inquiry is necessary. First, the Court must determine whether the parties agreed to arbitrate the dispute; and second the Court must consider whether any federal statute or policy "renders the claims nonarbitrable." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 472 U.S. 614, 628-30 (1985); *American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 711-12 (5th Cir. 2002). Plaintiff argues against arbitration on the following grounds: (1) that he never agreed to arbitrate with respect to his employment at Peterbilt; and (2) that the arbitration agreement requires Plaintiff to pay unconscionable fees. On both counts, after appropriate construction of the arbitration agreement, the Court disagrees.

A.     Validity of Arbitration Clause

In the first step of this inquiry, the Court addresses whether the parties agreed to arbitrate Plaintiff's claim.  The FAA does not require parties to arbitrate when they have not agreed to do so. *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).  The strong federal policy favoring arbitration does not apply to the determination of whether a valid agreement to arbitrate exists between the parties, or to the determination of who is bound by that agreement.  *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073-74 (5th Cir. 2002).  Instead, the Court examines these questions by reference to ordinary contract principles. *Id.*; *Harvey v. Joyce*, 199 F.3d 790, 794 (5th Cir. 2000).

In this case, Plaintiff signed a form acknowledging himself to be bound by his employer's "Dispute Resolution Program: Summary Plan Description of Mutual Agreement to Arbitrate Claims" ["Agreement"].  Def.'s Brf, Exh. 1(A) ["Agr."], at D00002.  The Agreement requires arbitration for "claims for discrimination, including claims based on race, sex, religion, national origin, *age*, or disability." *Id.* at 2 (emphasis added).  Plaintiff's cause of action for age discrimination is thus expressly arbitrable.

In opposition, Plaintiff argues that the Agreement is invalid because his employer, Peterbilt, is not a signatory.  He asserts, and the Court agrees, that the Agreement was instead promulgated by an entity named American Trucksource, Inc.  The question before the Court is whether Peterbilt can now enforce the Agreement.

Determining which parties are bound by an arbitration agreement requires discerning the parties' intent, as expressed in the agreement's terms.  See *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir.), *cert. denied*, 531 U.S. 1013 (2000).  Six theories for binding

a nonsignatory to an arbitration agreement have been recognized: (a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing/alter ego; (e) estoppel; and (f) third-party beneficiary. *Bridas S.A.P.I.C. v. Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003), *cert. denied*, 541 U.S. 937 (2004). According to uncontroverted evidence before the Court, American Trucksource is Peterbilt's holding company. *See* Moore Aff. ¶ 3. The Agreement designates the "individual dealerships" of American Trucksource as employers of the signatory employees for purposes of the dispute resolution program.[1]  Agr. at 2. Defendant Peterbilt is thus an intended beneficiary of the Agreement. *See Fleetwood Enterprises, Inc.,* 280 F.3d at 1075-76. Furthermore, Plaintiff admits that signing the American Trucksource Agreement was a condition of continued employment with Peterbilt.[2]  By accepting direct employment benefits from Peterbilt in return for executing the Agreement, Plaintiff is now estopped from its disavowal. *See Grigson*, 210 F.3d at 527; *see also May v. Higbee Co.*, 372 F.3d 757, 764 (5th Cir. 2004) (holding that continued employment serves to ratify an arbitration "acknowledgment"). Both parties to this action are bound. The remaining question to be decided is whether federal statute or policy prevents the Agreement's enforcement.

---

[1]  "Even though each Team Member is an employee of your respective dealership . . . American Truck source, Inc., sponsors this Program equally for all of its dealerships. . . . Therefore, effective January 1, 1999, employees of the individual dealerships of American TruckSource, Inc., will be covered by the Dispute Resolution Program."  Def.'s Brf, Exh. 1(A), at D00002.

[2]  "My signature below acknowledges that I understand that by continuing or accepting employment at American TruckSource, Inc. . . . on or after January 1, 1999, I am automatically covered by the Dispute Resolution Program."  Agr. at 8.  "I was told by the Company I had to sign or I would be terminated."  Plf's Resp, Exh. A, at 2 (Declaration of Bobbie Joe Staggs).

B.     Unconscionability

In Plaintiff's Response, he argues that the Agreement is unconscionable and should not be enforced for two reasons: (1) it requires Plaintiff to bear prohibitive costs of the arbitration and thus effectively precludes relief; and (2) it allows the Arbitrator to award attorney's fees to the prevailing party. The cost provision reads as follows:

> To use the arbitration process, a filing fee and the Arbitrator's fee must be paid. Each party will pay its own costs and attorney's fees, if any. But if any party prevails on a statutory claim or contract claim which allows the prevailing party to recover attorney's fees or if there is a written agreement providing for recovery of fees, the Arbitrator may award reasonable fees to the prevailing party. The Arbitrator may also reimburse filing fees or otherwise assess costs as he or she deems best.

Agr. at 4 ¶ 3 ["Fee Clause"].

At the outset, the Court dismisses Plaintiff's concerns on the issue of attorney's fees. Defendant Peterbilt represents to the Court that the Agreement purports to do no more than to allow the Arbitrator to award "the same recovery that the parties would receive in a courtroom proceeding under applicable federal and state law." Def.'s Reply, at 4. The Court agrees with this interpretation of the contract, and overrules Plaintiff's objection on that basis. Plaintiff's exposure for Peterbilt's attorney's fees is held to be no greater under the Agreement than it would be under statutory law in this Court. *See generally Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (setting out the standard for awarding attorney's fees to a prevailing party in employment discrimination cases).

In Plaintiff's final argument, he asserts that the Agreement, if enforced, would require him as an employee to bear the full burden of the filing fee and the Arbitrator's fee. Under the

5

circumstances of this case, he argues, the Agreement would thus be unconscionable. Although the Court agrees that such a construction of the Fee Clause would indeed be unconscionable,[3] the Court disagrees that it should be so construed.

Under Texas law, interpretation of a contract is a matter of law for the Court. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). To interpret the Fee Clause, the Court must "examine and consider the entire writing in an effort to harmonize and give effect to all provisions of the contract." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 352 (5th Cir. 1996), *cert. denied*, 519 U.S. 1078 (1997) (citing *Coker*, 650 S.W.2d at 393).

At issue in this case is the first sentence of the Fee Clause ["Fee Sentence"]. It reads: "To use the arbitration process, a filing fee and the Arbitrator's fee must be paid." Agr. at 4. Both parties will "use" the arbitration process. No payor is specified. Reviewing the Agreement as a whole, the Court concludes that the Agreement contemplates that the employer will bear these costs.

----

[3] Plaintiff is a seventy-five-year-old truck salesman, and retirement is presumptively imminent. Plaintiff provides an evidentiary estimate that the Arbitrator's fee in the Dallas area can be expected to approach $25,000. *See* Plf's Resp. Exh. A (Staggs Decl.). He further provides competent evidence that his income has declined significantly and that he cannot possibly afford to pay that amount. *See id.* Under these facts, the Fee Clause if construed to require Plaintiff to pay the entirety of the up-front costs, including the filing fee and the Arbitrator's fee, would clearly be an unconscionable denial of access to the arbitral forum. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92-94 (2000); *Scovill v. WSYX/ABC*, 425 F.3d 1012, 1018-20 (6th Cir. 2005)*; Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 265-69 (3d Cir. 2003)*; Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1234-35 (10th Cir. 1999); *Jones v. Fujitsu Network Comm., Inc.*, 81 F. Supp. 2d 688, 693 (N.D. Tex. 1999); *cf. American Heritage Life Ins. Co.*, 294 F.3d at 711-12 (finding no unconscionability because the plaintiff did not demonstrate that the fees were certain and prohibitive); *Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 764-65 (5th Cir. 1999) (same), *cert. denied*, 529 U.S. 1099 (2000); *see generally* 6 C.J.S. Arbitration § 31 (discussing unconscionability in employment arbitration agreements).

To interpret the clause otherwise would be at odds with the grammar, tone, and usage of the remainder of the Agreement.  Throughout the document, employee responsibilities are spelled out straightforwardly and simply (indeed, simplistically) in either the second person and active voice, or in the imperative mood.  Some examples follow:  "You should use this new process rather than courtroom litigation to solve all work-related problems."  *Id*. at 3.  "If talking to your immediate supervisor or general manager has not resolved the problem, then complete a Request for Review Form."  I*d*.  "To request Arbitration, you must complete a Request for Arbitration/Mediation Form."  I*d* at 4.  "You remove the name of Arbitrators you do not want to hear your case . . .."  *Id.*

In the Fee Sentence, however, the passive voice suddenly and uncharacteristically appears -- *i.e.*, the fees merely "must be paid."  *Id.* at 4.  If American TruckSource had intended the Agreement to require the employee to pay for arbitration, language consistent with the remainder of the document would have stated just as clearly: "To use the arbitration process, *you must pay* a filing fee and the Arbitrator's fee."  The Court concludes it likely that the employer, who drafted the Agreement, did not intend by the wording of the Fee Sentence to notify the employee of any responsibility for payment of the fees in question.  *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 62-63 (1995) ("[A] court should construe ambiguous language against the interest of the party that drafted it.").

Moreover, scattered throughout the Agreement are uniform representations that the employer is "sponsoring" the program or "covering" the employee for dispute resolution.  A few examples follow:  "[E]mployees . . . will be covered by the Dispute Resolution Program."  Agr. at 1.  "We believe that this Program will primarily benefit our employees . . .."  *Id*. at 4.  "American

7

TruckSource, Inc., sponsors this program . . ..” *Id.* “If you are a current employee on January 1, 1999, you will automatically be covered by the Dispute Resolution Program.” *Id*. at 6.

Thus from this language and tone, the Court discerns an express intent by the promulgator to provide an employee benefit, even to quasi-insure the employee, for out-of-court dispute resolution. For the employer to “cover” the filing fee and Arbitrator's fee is consistent with this intent to “sponsor” the plan and provide the benefit. Accordingly, the Court construes the Fee Sentence to require Defendant Peterbilt, the employer, to pay the specified fees.[4]

This interpretation does not place an undue burden on Defendant Peterbilt. Even with this payment requirement, Defendant will likely incur far less cost in the arbitration process than for full-blown litigation in federal court. *See Specialty Healthcare Mgmt, Inc. v. St. Mary Parish Hosp*., 220 F.3d 650, 656 n.21 (5th Cir. 2000). Moreover, nothing in this Order is intended to render unconscionable or otherwise to prevent the Arbitrator from exercising his or her discretionary powers under the Agreement to “reimburse filing fees or otherwise assess costs as he or she deems best.” Agr. at 4; *see  Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 764-65 (5th Cir. 1999) (holding

---

[4]   Because the Fee Sentence would otherwise be unconscionable, *see supra* n.3, the Court's holding is thus also in accord with basic principles of contract interpretation, as well as with strong federal policy promoting enforcement of arbitration agreements. *See Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998) (“[A]ll ambiguities must be resolved in favor of arbitrability.”); *see generally* Restatement (Second) of Contracts § 203(a) (1981) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect."); 6 C.J.S. Arbitration § 11 (discussing construction of arbitration agreements); *see also Cole v. Burns Intern. Sec. Servs*., 105 F.3d 1465, 1485 (D.C. Cir. 1997) (holding an employer responsible for paying arbitration fees when enforcement of a clause requiring an employee to do so would have been unconscionable).

the mere possibility of an employee's having to share arbitration fees in the future to be too speculative for unconscionability), *cert. denied*, 529 U.S. 1099 (2000).

Under the factual circumstances of this case, therefore, the Court concludes that the American TruckSource Dispute Resolution Program and Acknowledgment, as construed to require employer Peterbilt to pay the filing fee and Arbitrator's fee, is a valid and enforceable agreement binding both parties to arbitrate Plaintiff's employment discrimination claim.

### III.  CONCLUSION

For the reasons given above, Defendant's Motion to Dismiss and to Compel Arbitration is **GRANTED**.  The Parties are hereby **ORDERED** to proceed to arbitration in accordance with the terms of the American Truck Source Dispute Resolution Program, as construed by this Court. Peterbilt is **DIRECTED** to pay the filing fee and the Arbitrator's fee.

This case is **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs. The statute of limitations applicable in this case shall remain **TOLLED for 60 days** from the entry of this Order.

SO ORDERED.

DATED: March 16, 2006.

BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS